*45 OPINION OF THE COURT
Per Curiam.
On February 8, 2013, in the Supreme Court, Kings County (Chun, J.), the respondent pleaded guilty to 13 felony counts: 10 counts of grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40 (1); money laundering in the first degree, a class B felony, in violation of Penal Law § 470.20 (1); scheme to defraud in the first degree, a class E felony in violation of Penal Law § 190.65 (1) (b); and conspiracy in the fourth degree, a class E felony, in violation of Penal Law § 105.10 (D.
The respondent admitted, generally, to various actions involving multiple persons and real properties, resulting in the theft of several million dollars, a portion of which was deposited or transferred into his attorney escrow accounts. As part of his plea, the respondent agreed to the entry of a judgment against him, for the benefit of 10 victims, in an aggregate sum of $5,315,300.
On March 20, 2013, the Supreme Court sentenced the respondent to concurrent indeterminate terms of imprisonment of 2 to 6 years for each of the grand larceny convictions, 3 to 9 years for the money laundering conviction, 2 to 6 years for the scheme to defraud conviction, and 1 to 3 years for the conspiracy conviction. The respondent was also directed to pay a crime victims’ assessment fee of $25, a DNA fee of $50, and a surcharge of $300. The respondent failed to notify the Court of his convictions.
Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.
Accordingly, the motion of the Grievance Committee for the Tenth Judicial District to strike the respondent’s name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent’s automatic disbarment as of February 8, 2013.
Eng, PJ., Mastro, Rivera, Skelos and Dillon, JJ., concur.
Ordered that the petitioner’s motion is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Jarrett B. Haber, is disbarred, effective February 8, 2013, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,
*46 Ordered that the respondent, Jarrett B. Haber, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Jarrett B. Haber, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Jarrett B. Haber, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).